IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 2:10-1104-RMG |
| | ) |
| vs. | ) |
| | ) |
| PEDRO OCHOA | ) |
| ARTURO BALDERAS-SALCEDA | ) |
| JAIME BALDERAS-SALCEDA | ) |
| ISMAEL ECHEVERRIA | ) |
| VINCENTE SANCHEZ-TAMAYO | ) |
| FNU LNU a/k/a Nene | ) |
| JOSE PINEDA | ) |
| HUMBERTO DIMAS-GARCIA | ) |
| ERNEST CHAPLIN | ) |
| MARCUS GIBBS | ) |
| DIANA GRIMES | ) |
| DEBORAH GUZMAN | ) |
| TREMAYNE FORD | ) |

RECEIVED USDC, CLERK, CHARLESTON, SC 2012 SEP 27 A 11:17

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO MARCUS GIBBS

1.  On May 11, 2011, a Federal Grand Jury in the District of South Carolina returned a Superseding Indictment in which the Defendant, Marcus Gibbs ("Gibbs," "Defendant"), was charged with the following:

    - Count 1: Conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846;

    - Count 3: Conspiracy to commit money laundering activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), 1957, 1956(h) and 2; and

    - Count 4: Possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);

- <u>Count 5</u>: Possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

- <u>Count 6</u>: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924;

- <u>Count 7</u>: Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

2.  The Superseding Indictment provided that upon Defendant's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881(a)(11), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 924(d), and 28 U.S.C. § 2461(c).

3.  On October 24, 2011, a jury found the Defendant guilty of Counts 1, 3, 4, 5, and 6.

4.  Based upon Defendant's conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that such property constitutes, is derived from, and/or is traceable to proceeds Defendant obtained, directly or indirectly, as a result of his intentional and unlawful violations of 18 U.S.C. § 1956 and 21 U.S.C. § 846, and/or represents the value of property used or intended to be used in some manner or part to facilitate felony violations of Titles 18 and 21, United States Code. The court finds that the Defendant has an interest in such property; and that this property is subject to forfeiture to the United States.

5.  The court has further determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offenses for which the Defendant has been convicted; therefore, pursuant to 21 U.S.C. § 853 and

881(a)(11), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), the said property shall be forfeited to the United States.

6. The United States is entitled to a judgment of forfeiture and possession of the said property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Defendant, Marcus Gibbs, shall forfeit to the United States all right, title and interest in and to any and all property, real or personal, tangible and intangible, constituting or derived from proceeds obtained directly or indirectly as a result of his violations set forth above in paragraph 4, specified as follows:

    A. <u>Proceeds/Money Judgment:</u>
        (1) A sum of money equal to all property the defendant obtained as a result of the drug offenses charged in Count 1 of the Superseding Indictment, that is a minimum of $1,000,000.00 in United States currency, and all interest and proceeds traceable thereto for which the Defendant is jointly and severally liable.

        (2) A sum of money equal to all property, real and personal, involved in money laundering transactions conducted as part of the money laundering conspiracy charged in Count 3 of the Superseding Indictment, and all proceeds traceable to such property, for which the Defendant is jointly and severally liable.

    B. <u>Firearms and Ammunition:</u>

        (1) Smith & Wesson .45 caliber pistol
            Serial Number:     MPU6450
            Seizure Date:      8/31/10

        (2) FNH USA 5.7x28 caliber pistol
            Serial Number:     386126860
            Seizure Date:      8/31/10

        (3) Miscellaneous ammunition

2. JUDGMENT IS ENTERED against Marcus Gibbs, and in favor of the United States, in the amount of $1,000,000.00, together with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant;

3. Upon entry, this order becomes final as to the Defendant, and shall be made a part of his sentence and included in the criminal Judgment;

4. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property. The Government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other Counties in which the debtor has either real or personal property, as a lien thereon;

5. Upon payment of the above judgment in full or within the discretion of the United States, the United States shall file with the District Court and the appropriate Clerk of the County in which any transcripts of judgments have been filed, a satisfaction of judgment;

6. Upon entry of this Order, the Drug Enforcement Administration or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office; to conduct proper discovery in identifying, locating, or disposing of other property that could be used to satisfy the judgment, in accordance

with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights;

7. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

8. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

10. The United States shall have clear title to the property following the court's determination of all third party interests, or, it no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

11. This court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

12. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_____
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

September 27, 2012

Charleston, South Carolina